UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES GLASS

and

DIANA LAPOINTE,

        Plaintiffs,

v.                                 Case No.:  2:25-cv-443-SPC-DNF

AMERICAN STRATEGIC
INSURANCE CORP.,

        Defendant.
                                     /

**OPINION AND ORDER**

    Before the Court is American Strategic Insurance Corp.'s Motion to Dismiss. (Doc. 15). Plaintiffs Charles Glass and Diana Lapointe responded. (Doc. 20). Defendant replied. (Doc. 25). For the below reasons, the Court grants the motion.

    This breach of insurance contract action arises from damage Plaintiffs' property sustained during Hurricane Ian. (Doc. 1 ¶ 8). Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP"). (Doc. 15 at 1). Defendant issued Plaintiffs a Standard Flood Insurance Policy ("SFIP") effective during the time of loss. (Docs. 1 ¶ 6; 15 at 3). Plaintiffs submitted a claim for their damages. (Doc. 1 ¶ 10.) On

February 20, 2023, Defendant sent a letter partially denying the claim. (Doc. 15-3). Defendant then sent another denial letter on October 3, 2023. (Doc. 15-4). On May 15, 2025, Plaintiffs brought suit. (Doc. 1).

In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a). Defendant argues its February 20, 2023, denial letter was a partial disallowance that triggered § 4072's one-year limitation period.[1] (Doc. 14). And because Plaintiffs filed suit over two years later, the argument goes, their suit is time-barred. The Court agrees.

Defendant's February 20, 2023 letter was a partial disallowance that triggered the one-year limitation period. "To determine whether a letter is a partial written denial, courts closely examine the letter's content." *Adams v. Allstate Ins.*, No. 2:25-CV-243-SPC-KCD, 2025 WL 1555144, at *1 (M.D. Fla. June 2, 2025) (quotation omitted). "A letter from an insurer sufficient to put an insured on notice that a part of her claim has been disallowed is sufficient

---

[1] Defendant attaches the two denial letters to its motion to dismiss. (Docs. 15-3; 15-4). The Court may consider documents attached to a motion to dismiss if the documents are "central" to Plaintiffs' claims and the authenticity of the documents is unchallenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The denial letters are central to Plaintiffs' breach of insurance contract claim. *See, e.g.*, *Oceania III Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins.*, 658 F. Supp. 3d 1177, 1180 n.2 (S.D. Fla. 2023). And Plaintiffs do not challenge the authenticity of the letters. So the Court considers them. *See 4922 Mgmt. LLC v. Selective Ins. of the Se.*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (considering denial letter attached to insurer's motion to dismiss in breach of SFIP claim).

to trigger Section 4072's one-year limitation period." *4922 Mgmt.*, 2025 WL 417701, at *2 (citation omitted).

Plaintiffs' argument that the February 20, 2023 letter issued by Defendant did not trigger the limitations period because "it was not based upon Plaintiff's [sic] sworn proof of loss" is wrong. (Doc. 20 at 3). "A policyholder has only one claim from a flood event regardless of the number of proofs of loss and amount of documentation the policyholder may submit in support of that claim." *Hawk v. Hartford Ins. of the Midwest*, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, at *7 (M.D. Fla. Jan. 29, 2025) (quotation omitted). Just as in *Hawk*, the limitations period for Plaintiffs to file suit "was not waived, extended, or re-triggered by the subsequent, supplemental requests and the resulting denial letters." *Id.*; *4922 Mgmt.*, 2025 WL 417701, at *2 (noting "courts have found denial letters trigger the limitations period even when additional documentation is subsequently submitted or the adjusting process continued.") (collecting authority); *see also Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025) (noting "district courts in the Middle District of Florida have unanimously agreed that a denial letter is a proper disallowance that triggers the one-year limitation period, not the denial of a claimant's sworn proof of loss.") (collecting authority). The analysis is no different here.

3

Defendant's February 20, 2023 letter explicitly rejects Plaintiffs' sworn statement of proof of loss as accurately stating the "indemnifiable damage covered by the policy." (Doc. 15-3 at 1). The letter then enumerates the items for which it is denying coverage and provides the policy language excluding that coverage. (*Id.*). Defendant sent another letter on October 3, 2023. (Doc. 15-4). The October, 3, 2023 letter indicated that Defendant had already issued a denial of Plaintiffs' claim, and includes a Policyholder Rights form, which advised Plaintiffs of their right to appeal or file a lawsuit after their claim is denied. (*Id.* at 3). The Court finds that Defendant's February 2023 letter was a partial disallowance. Because Defendant mailed the letter more than a year before Plaintiffs filed suit, the Court dismisses this action as time barred.

Accordingly, it is now **ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 15) is **GRANTED.**

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 18, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record